IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

Case. No. 1:10-cr-30026-MC

v.

OPINION AND ORDER

SHAWN PATRICK ERICKSON,

Defendant.

**MCSHANE, Judge:**

Pursuant to 28 U.S.C. § 2255, defendant Shawn Patrick Erickson moves to vacate or correct his 15 year sentence. In 2010, Judge Owen M. Panner sentenced Erickson to 15 years pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).[1]

Generally, 18 U.S.C. § 922(g) prohibits a felon like Erickson from possessing a firearm. Ordinarily, ten years is the maximum term of imprisonment for a violation of § 922(g). However, if a felon with three previous convictions for "a violent felony or a serious drug offense" violates § 922(g), the ACCA mandates a sentence of at least 15 years. 18 U.S.C. § 924(e)(1).

Erickson argues that after the Supreme Court struck down the ACCA's residual clause, he no longer has the three requisite convictions required for an enhanced sentence under the ACCA. Therefore, Erickson argues his 15 year sentence is unconstitutional because it exceeds

---

[1] Several years after sentencing, the case was reassigned to me.

1 – ORDER AND OPINION

the ten year maximum sentence under § 922(g). In deciding this issue, I must determine whether an Oregon conviction for Robbery III has as an element the use of "physical force against the person of another" and thus constitutes a "violent felony" under the ACCA. § 924(e). I agree with the three other Oregon district judges to consider this issue and conclude Oregon's Robbery III does not qualify as a "violent felony" under the ACCA.

## DISCUSSION

The parties agree that if Oregon's Robbery III is not a violent felony under the ACCA, Erickson lacks the requisite prior convictions necessary for the ACCA's 15 year mandatory minimum. In Oregon, as relevant here:

> (1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:
>
> (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking;

ORS 164.395(1).

As noted, a felon in possession who violates 18 U.S.C. § 922(g) is subject to a 15 year mandatory minimum if the felon has three previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). Under the ACCA:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

§ 924(e).

Nearly two years ago, the Supreme Court struck down the residual clause found at the end of § 924(e)(1)(B)(ii)) (i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another") as unconstitutionally vague. *Johnson v. United States*, 135 S.Ct. 2551 (2015).[2] As Robbery III is not an enumerated offense found in § (B)(ii), this case turns on whether Robbery III "has as an element the use, attempted use, or threated use of physical force against the person of another" in § (B)(i).

In determining whether a state conviction qualifies as a predicate offense under the ACCA, courts utilize the "categorical approach." *Taylor v. United States*, 495 U.S. 575, 600 (1990). Under that approach, courts "look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602. "Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S.Ct. 1678, 1684 (2013) (alterations and internal quotations omitted)). In making this determination, "there must be a 'realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'" *Id.* at 1685 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

That Oregon's Robbery III contains the words "physical force upon another person" does not necessarily mean it qualifies as "physical force" required under the ACCA. As used in the ACCA, "physical force" is "*violent* force–that is, force capable of causing physical pain or injury to another person." *United States v. Parnell*, 818 F.3d 974, 977 (9th Cir. 2016) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). In other words, tangential physical force does not suffice; the ACCA requires more.

---

[2] The Supreme Court later concluded *Johnson* was retroactive. *Welch v. United States*, 136 S. Ct. 1257 (2016).

In *Parnell*, the Ninth Circuit analyzed whether a conviction for armed robbery under Massachusetts law qualified as a predicate offense under the ACCA. 818 F.3d at 978. The court looked at Massachusetts purse snatching cases analyzing the "by force and violence" element of Massachusetts armed robbery. *Id.* at 979. Discussing two relevant Massachusetts cases, and how they related to the ACCA under *Johnson*, the Ninth Circuit noted:

> Pursue snatching cases upon which Parnell relies demonstrate the Massachusetts statute does not apply to minimal, non-violent force. In *Jones*, 238 N.E.2d at 842, for example, the defendant simply grabbed the victim's pocketbook from her arm. The victim explained: "I really couldn't tell you what he did. All I knew he was standing there. Next thing I knew, I felt something off my arm. I realized my bag was gone." The court held this testimony proved sufficient force to satisfy the statute, because "[s]natching necessarily involves the exercise of *some* actual force." The court held "where, as here, the actual force used is *sufficient to produce awareness*, although the action may be so swift as to leave the victim momentarily in a dazed condition, the requisite degree of force is present to make the crime robbery." Similarly, in *Brown*, 318 N.E.2d at 487, the defendant was convicted of robbery where he merely snatched a small purse the victim was holding in her hand, touching neither her hand nor her body. The court held "the pulling of a purse from a victim's hand constituted sufficient force to satisfy the 'by force and violence' alternative of the statutory definition" of robbery.
>
> Under our case law applying *Johnson*, this level of force—the snatching of a purse from a victim's hand—does not constitute force "capable of causing physical pain or injury to another person." In *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014), for example, we held the crime of assaulting a federal officer was not a crime of violence under *Johnson* because it reached conduct such as chasing a prosecutor down the street and bumping into him, walking up to a prosecutor and jolting her arm and shoulder, grabbing a wildlife agent's jacket or spitting in a mail carrier's face. Similarly, in *United States v. Flores-Cordero*, 723 F.3d 1085, 1087-88 (9th Cir. 2013) (as amended), we held Arizona's crime of resisting arrest was not a crime of violence under *Johnson* because it reached conduct such as a "minor scuffle" in which a defendant kicked at officers who were attempting to place her in handcuffs. If the level of force in *Dominguez-Maroyoqui* and *Flores-Cordero* was not capable of causing physical pain or injury, then neither is the snatching of a purse from a victim's hand.

*Id.* at 979-80 (citations omitted).

In Oregon, courts treat force required under Robbery III quite similar to how Massachusetts treats force required under armed robbery. Somewhat confusing matters, the

4 – ORDER AND OPINION

relevant Oregon case also involved a defendant named "Johnson." *See State v. Johnson*, 215 Or.App. 1 (2007). In *Johnson*, the Oregon Court of Appeals faced the exact question presented here: what amount of physical force is required to sustain a conviction for Robbery III? *Id.* at 3. Johnson robbed an 86-year-old woman of her purse. The victim was unaware of the robbery until she saw Johnson running away. In fact, the victim simply thought her purse had slipped from her shoulder and did not feel "much of anything." *Id.* Johnson argued the force used did not rise to a level sufficient to support a conviction under Robbery III. Rejecting Johnson's argument, the Court of Appeals used language that could have come from Massachusetts:

> The statute requires that force must be used on the victim. However, the statute does not focus on the extent to which the victim may or may not have felt the force, but rather on the perpetrator's intent, while using force on the victim, that any resistance that the victim might offer be prevented or overcome. For example, a perpetrator could "prevent" a victim's resistance by acting so swiftly that the victim does not have time to resist, *i.e.*, by taking the victim's property so quickly that resistance is futile.
>
> Here, the jury reasonably could infer that defendant used force on the victim in order to obtain her possessions: her purse was on her shoulder and the vase of flowers was in her arm, and there is no suggestion that she willingly relinquished them. . . . We agree with the state that, in those circumstances, the jury was entitled to infer that defendant intended to use force sufficient to overcome any resistance that the victim may have offered had she had more time to react and that defendant intended to use force sufficient to prevent resistance.

*Id.* at 5-6.

This court is bound by the Ninth Circuit's holding that, "Under our case law applying *Johnson*, this level of force—the snatching of a purse from a victim's hand—does not constitute force "capable of causing physical pain or injury to another person." *Parnell*, 818 F.3d at 979 (quoting *Johnson*, 559 U.S. at 140)). Under the categorical approach, I must assume Erickson's conviction for Robbery III rests upon a non-violent purse snatching, one where the victim did not know of the crime until witnessing Erickson running away. *See Moncrieffe*, 133 S.Ct. at 1684 (courts "must presume that the conviction rested upon nothing more than the least of the acts

5 – ORDER AND OPINION

criminalized, and then determine whether even those acts are encompassed by the generic federal offense."). Therefore, Erickson's conviction for Robbery III does not match the violent force required under the ACCA. *Parnell*, 818 F.3d at 979.

The government's argument, that the Court of Appeals decision in *Johnson* is no longer good law, is unconvincing. The government point to two cases from the Oregon Supreme Court, *Oregon v. White*, 346 Or. 275 (2009), and *Oregon v. Hamilton*, 348 Or. 371 (2010). Those cases, unlike *Oregon v. Johnson*, did not consider what amount of force is required to sustain a conviction for Robbery III. Instead, those cases—containing a use of force unquestionably rising to the statutory requirement—dealt with merger of offenses under the statute. As neither case had a need to address the minimum level of force question, neither case mentioned *Oregon v. Johnson*. And while both cases contain language regarding the typical risk of violence Robbery III is meant to address, I must look not to the typical crime of Robbery III, but to the "least of the acts criminalized." In Oregon, that could be a non-violent purse snatching.

As noted, I am the fourth judge in this District to conclude that after *Johnson*, Robbery III in Oregon is not a predicate offense under the ACCA. *See Sloan v. Feather*, 2016 WL 4472997 (D. Or. April 8, 2016); *United States v. Dunlap*, 162 F.3d 1106 (D. Or. February 12, 2016);[3] *United States v. Wicklund*, 2016 WL 6806341 (D. Or. November 17, 2016);[4] Those cases are persuasive.

When there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct

---

[3] I note the Ninth Circuit in *Parnell* cited *Dunlap* with approval. 818 F.3d at 981.
[4] Judge Hernandez in *Wicklund* concluded Robbery II is not a "crime of violence" under the sentencing guidelines. As noted by Judge Hernandez, the analysis under the guidelines and the ACCA is the same. 2016 WL 6806341 at n.2.

the sentence as may appear appropriate." 28 U.S.C. § 2255. As Erickson lacks three requisite convictions under the ACCA, his 15 year sentence is unlawful as it exceeds the 10 year maximum sentence for violating 18 U.S.C. § 922(g). Therefore, I grant Erickson's motion for habeas relief under § 2255.

## CONCLUSION

Erickson's Motion, ECF No. 18, is GRANTED. The Marshal shall transfer Erickson to Oregon for resentencing.

IT IS SO ORDERED.

DATED this 9th day of May, 2017.

       /s/ Michael McShane
Michael McShane
United States District Judge